Daniel L. Waloszyk, Plaintiff-Appellee, v. Colonial Motor Sales, Inc., an Illinois Corporation, Defendant-Appellant.

Gen. No. 68–39.

Second District.

October 18, 1968.

■■■■■■■■■■

■■■■■■■■■■
■■■■■■■■■■
■■■■■■■■■■

Richard C. Hamper, of Aurora, for appellant.

Edwards & Parker, of Aurora, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This appeal brought by the defendant, Colonial Motor Sales, Inc., is from a judgment entered after a bench trial before a magistrate wherein the plaintiff, Daniel L. Waloszyk, was awarded $1,461.34.

In November, 1964, a salesman of the defendant stated to the plaintiff, at the latter's place of business, that his company had a used 1963 Opel car which the plaintiff might be interested in purchasing. Subsequently, the salesman drove the car to plaintiff's place of business for the purpose of allowing the plaintiff and his wife to examine it. The plaintiff, who was desirous of using the car in his business, inquired if repair parts would be available in case they were needed. The salesman answered, "I am pretty sure we have (them)." However, at the insistence of the plaintiff, the salesman telephoned the parts department of the defendant and reported his conversation to be that parts were available and that any local dealer would have parts for them. Defendant was not a dealer in this type of automobile. Based upon this conversation, the plaintiff purchased the automobile.

In January, 1965, plaintiff was in a minor accident and one of the wheels of the car was damaged slightly. After making inquiries about repairs at other local establishments, plaintiff took the automobile to defendant's place of business. Although it is uncertain who plaintiff talked to, plaintiff testified that the defendant's "shop manager" called him and said that they could not replace the wheel but that they could fix it or straighten it out; that, however, the car would steer hard and they could not guarantee the job. Plaintiff further testified that the "shop manager" told him that in order to do the job in the correct manner, the parts should be replaced and that parts could be sent for, but it would take a while to get them. After having asked for his money back and being refused, plaintiff left the automobile at defendant's place of business without any understanding as to its disposition.

The plaintiff filed a complaint, fully setting forth the necessary allegations of misrepresentation. The prayer of the complaint requested a rescission of the contract of sale, damages in the sum of $2,000 and an express finding of fraud and malice as the basis of the said judgment.

The order of the trial court expressly found that the plaintiff failed to prove neither malice nor fraud, upon which the complaint was based, but, nevertheless, entered judgment rescinding the sale and allowed the plaintiff a money recovery as heretofore stated.

■■■ We are of the opinion, after a review of the record, that the magistrate was correct in finding that the plaintiff failed to prove the allegations of fraud contained in his complaint. However, we are also of the opinion that the magistrate was in error for entering an order of rescission and money judgment.

Plaintiff argues that the trial court found representations were made to him, that he relied upon them, that the representations were in fact untrue and therefore

under the facts and law he was entitled to a rescission. We were not furnished the benefit of any citations upon this proposition.

■■ Plaintiff further argues that a contract may be rescinded because of a material mistake of fact. His citations are correct, but in those cases the complaint set forth the allegations necessary to prove mistake. The complaint neither alleged recovery based upon mistake nor was this theory presented, as far as the record discloses, to the trial court. Also, we fail to find any amendment of the complaint to have the pleadings conform to the proof.

It will not be necessary to unduly extend this opinion as we conclude that the case before us comes within the law set forth in the case of Broberg v. Mann, 66 Ill App2d 134, 137–138, 213 NE2d 89 (1965) and it is therefore necessary that the judgment of the trial court be reversed.

Judgment reversed.

DAVIS and SEIDENFELD, JJ., concur.